DOUGLAS RICHARD PITTS,

        Plaintiff,

v.

        Case No. 23-cv-1185-pp

RACINE COUNTY, WISCONSIN,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

      On September 7, 2023, the plaintiff—who is representing himself—filed a complaint against defendant Racine County, Wisconsin, alleging that the defendant violated his constitutional rights. Dkt. No. 1. He also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must screen the complaint to determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

**I.    The Plaintiff's Ability to Pay the Filing Fee**

      The plaintiff's request to proceed without prepaying the filing fee says that he is unemployed, single and does not have any dependents to support. Dkt. No. 2 at 1. Under "source of income," the request says that the plaintiff

1

receives $825 in Social Security per month. Id. at 2. It also says that he pays $825 per month in "other household expenses (e.g., groceries, clothing, medical costs, utilities, cell phone, internet, etc.)," but lists no other monthly expenses, such as rent or car payments. Id. at 2-3. And apart from $103 in a checking account, the request states that the plaintiff has no property. Id. at 3-4.

Based on the information in the request, the court concludes that the plaintiff does not have the ability to pay the filing fee. This does not mean that the plaintiff does not owe the filing fee; the Seventh Circuit has held that "every . . . person who proceeds [without prepaying the filing fee]" is "liable for the full fees," because "all [28 U.S.C.] §1915(a) does for any litigant is excuse the prepayment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees.").

## II. Screening the Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To

2

state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

A. The Plaintiff's Allegations

The plaintiff has named Racine County, Wisconsin as the defendant. Dkt. No. 1 at 1. He drafted his complaint on the court's standard form "for non-prisoner filers without lawyers." See Dkt. No. 1 at 1. Under the heading "Statement of Claim," the plaintiff stated:

> Racine County Wisconsin egregiously violated my 14th Amendment right to due process and equal protections under the laws. The defendant has issued false charges against the plaintiff because of duress. Those offenses occurred on 4-11-23 and 5-3-23 and Aug 25-23. All offences [sic] occurred at 7138 S. Loomis Road, Waterford WI 53185[.] Racine Co. committed all the above violations for Karen I. Roberts (Paulson) who is a close relative of Racine County Circuit Judge David W. Paulson. The plaintiff seeks ten million ($10,000,000,00) in monetary damages from Racine County due to the very egregious nature of said violations.

Id. at 2-3.

Under "Jurisdiction," the plaintiff marked the box next to "I am suing for a violation of federal law under 28 U.S.C. § 1331." Id. at 4. He also wrote, "14th Amendmant [sic]." Id. Under "Relief Wanted," the plaintiff states, "I want the court to award the plaintiff ten million dollars ($10,000,000.00) in a monetary award for damages. I want all judgements [sic] against the plaintiff due to this matter vacated and/or expunged, along with all charges involved." Id. at 4.

B. Analysis

The plaintiff alleges that Racine County violated his Fourteenth Amendment rights by issuing "false charges" against him. He does not identify who issued the false charges—the Racine County District Attorney's Office? He does not describe the "false" charges, although he says that the "offences" happened on April 11, May 3 and August 25 of 2023 at 7138 S. Loomis Road,

4

Case 2:23-cv-01185-PP   Filed 11/17/23   Page 4 of 13   Document 7

Waterford WI 53185. The plaintiff does not describe what happened at the Loomis Road address on those dates. With such vague allegations and so few details, the court cannot determine what cause of action the plaintiff is trying to allege.

It is possible that the plaintiff means to allege that he was arrested without probable cause on the three dates he identifies. If so, his claim arises under the *Fourth* Amendment, not the Fourteenth Amendment Due Process Clause. "The constitutional injury arising from a wrongful pretrial detention rests on the fundamental Fourth Amendment principle that a pretrial detention is a 'seizure'—both *before* formal legal process and *after*—and is justified only on probable cause." Lewis v. City of Chicago, 914 F.3d 472, 477-78 (7th Cir. 2019) (citing Manuel v. City of Joliet ("Manuel I"), 580 U.S. 357, 365-66 (2017). But "[p]robable cause for an arrest serves as 'an absolute defense to any § 1983 claim against a police officer for false arrest.'" Doe v. Gray, 75 F.4th 710, 718 (7th Cir. 2023) (quoting Braun v. Vill. Of Palatine, 56 F.4th 542, 548 (7th Cir. 2022)). And the plaintiff has not explained whether he was arrested, who arrested him or why they arrested him

The plaintiff implies that charges were brought against him (although the court's review of the public docket reveals no pending criminal cases against the plaintiff in Racine County Circuit Court). This sounds like a claim of malicious prosecution, which also is a *Fourth* Amendment claim. See Manuel v. City of Joliet, Ill., 903 F.3d 667, 670 (7th Cir. 2018) ("there is a constitutional right not to be held in custody without probable cause"). Again, probable cause

5

is "a complete defense to malicious prosecution." McWilliams v. City of Chicago, No. 20-1770, 2022 WL 135428, at *3 (7th Cir. Jan. 14, 2022). The plaintiff does not explain who issued the allegedly false charges, what they were for or whether any judicial officer made a finding of probable cause as to those charges.

Perhaps the plaintiff means to allege that someone (sheriff's deputies? police officers?) provided false information to a judge to convince the judge that there was probable cause to arrest him. "[F]alsifying the factual basis for a judicial probable-cause determination violates the Fourth Amendment." Lewis, 914 F.3d at 477 (citing Franks v. Delaware, 438 U.S. 154 (1978)). But the plaintiff has not explained whether a judicial officer made a probable cause finding against him, or what that finding was based on, or who provided the false information to the judge.

Not only are the plaintiff's brief allegations too vague and lacking in detail to allow the court to determine whether the complaint states a claim, but the plaintiff has sued a municipality rather than a person. Section 1983 of Title 42 allows a plaintiff to sue a "person" who, while acting under color of state law, violates his constitutional rights. Racine County is not a "person"—it is a municipality. A municipality *can* be held liable for violations of constitutional rights under §1983, but only if that municipality caused the constitutional violations by enforcing a county custom, policy or practice. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690, 694 (1978). If the plaintiff seeks

to hold Racine County liable for violating his constitutional rights, he must show:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007) (citation omitted).

The plaintiff has not alleged that Racine County had a policy or practice of issuing false charges against people. He has not alleged that a Racine County official with final policymaking authority violated his constitutional rights or caused them to be violated. He has not alleged facts to support a §1983 claim against Racine County.

Further, this federal court cannot grant some of the relief the plaintiff has requested. In addition to money damages, the plaintiff asks the court to "vacate[] and/or expunge" certain "charges" and "judgments." Dkt. No. 1 at 4. The plaintiff has not identified those "charges" and "judgments"—he did not provide case numbers, case names or courts. But even if he had, it is only in very rare circumstances that this federal court has the authority to "vacate" state court judgments, and it does not have the authority to "vacate" criminal charges pending in state court or "expunge" state-court criminal judgments.

The court found a recently closed Racine County case that appears to correspond to at least one set of "false charges" that the plaintiff mentions in his complaint. Karen Ilona Roberts v. Douglas Pitts, Case No. 2023SC000402 (Racine County Circuit Court) (available at https://www.wicourts.gov/) is a

7

small-claims suit filed by Karen Ilona Roberts against the plaintiff on January 26, 2023 in Racine County Small Claims court. The court held a bench trial on April 11, 2023, during which both the plaintiff and Roberts gave testimony. Id. Later that day the court entered judgment against the plaintiff "in the amount of $200.00 for stump removal, $1,500.00 to replace tree[,] [for a] total judgment of $1,700" plus court costs. Id.

If the plaintiff wants this federal court to vacate the money judgment entered against him in the small claims case, the court does not have the authority to give him that relief. "The Rooker-Feldman doctrine[1] prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Mains v. Citibank, N.A., 852 F.3d 669, 675 (7th Cir. 2017); see also Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine" but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to Rooker-Feldman if those claims are closely enough related to a state-court judgment." Mains, 852 F.3d at 675; see also Jakupovic v. Curran, 850 F.3d 898, 902 (7th Cir. 2017).

The plaintiff also has an open case, County of Racine v. Douglas Richard Pitts, Case No. 2023FO000587 (Racine County Circuit Court) (available at

---

[1] Named after two Supreme Court decisions, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

https://www.wicourts.gov/). In that case, Racine County alleged a "non-traffic ordinance violation" of trespass against the plaintiff under Racine Municipal Ordinance §11-7(1). On August 25, 2023, the court scheduled an initial appearance for September 14, 2023 at 2:00 p.m. Id. The plaintiff pled not guilty and posted a $263.50 bond on September 5, 2023, two days before this court received the complaint in this case. Id. That case remains open—there is a court trial scheduled for January 10, 2024. Id.

To the extent the plaintiff filed this case hoping that this court could interfere with or stop the ongoing case in Racine Municipal Court, this court lacks the authority to do so. This federal court cannot vacate or expunge any unfavorable judgment which might result from the municipal court case. See Mains, 852 F.3d at 675; see also Jakupovic, 850 F.3d at 902.

With more detail, the plaintiff might be able to state claims against the *individuals* whom he believes violated his constitutional rights. He may not know the names of the individuals, but he can identify them by referring to them as "John Doe Racine County Sheriff's Deputy," or "Jane Doe Racine County Assistant District Attorney." The court advises the plaintiff, however, that certain types of government officials—judges and, in some cases, prosecutors—cannot be held liable for acts taken in the exercise of their official functions, even if those acts violate a person's constitutional rights. See, *e.g.*, Forrester v. White, 484 U.S. 219 (1988) (providing that judges are immune from liability in damages for acts taken pursuant to their judicial or adjudicatory function); Imbler v. Pachtman, 424 U.S. 409 (1976) (providing

9

that prosecutors are immune from liability in damages for acts taken pursuant to their prosecutorial function).

The court will give the plaintiff the opportunity to amend his complaint to explain in more detail who violated his constitutional rights, what they did to violate his constitutional rights and how he was injured by those violations. The court will provide the plaintiff with a blank form to use to prepare the amended complaint. The plaintiff should put the case number for this case—23-cv-1185—in the space provided for the case number. When writing the amended complaint, the plaintiff should provide the court with enough facts to answers to the following questions: 1) Who violated his constitutional rights? 2) How did each person violate his rights? 3) Where did each person violate his rights? and 4) When did each person violate his rights? The plaintiff's complaint does not need to be long, or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate the plaintiff's rights—the plaintiff must tell the court what the "false charges" are, who issued them, in what court they were issued, when they were issued and why they were false. He must explain what he means when he says that the false charges were issued "because of duress." He must explain whether the charges resulted in a civil judgment or a criminal conviction (or dismissal or acquittal), or whether the charges remain pending against him. The plaintiff must identify—by name, if he knows it, or by using "John" or "Jane" Doe

placeholders and descriptive phrases—each person who he believes violated his constitutional rights, and what each of those persons did to violate his rights.

An amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff cannot simply say, "Look at my first complaint for further information." See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

If the plaintiff wishes to proceed with this federal case, he must file the amended complaint in time for the court to receive it by the end of the day on **December 22, 2023**. If the plaintiff files an amended complaint by the end of the day on December 22, 2023, the court will screen it under 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the end of the day on December 22, 2023, the court will dismiss the case for failure to state a claim. If the plaintiff no longer wants to pursue the case, he does not need to take any further action.

### III.  Service

On October 4, 2023, the clerk's office received from the plaintiff a letter asking the clerk to file a summons and certificate of service. Dkt. No. 6. He attached a handwritten document that reads, "SUMMONS A lawsuit has been filed against Racine County WI. You have 60 (sixty) days to respond to this lawsuit. If you don't respond, a default judgment may be entered against you for the relief requested. Sincerely, Douglas Richard Pitts." Dkt. No. 6-1. He also attached a second handwritten document that reads, "CERTIFICATE OF

SERVICE I certify that I mailed lawsuit # 2:23-cv-01885-pp to the Attorney General of WI on 10-2-23 by certified mail. Douglas Richard Pitts." 6-2.

These documents do not serve to notify the defendant of the lawsuit for several reasons. First, when a plaintiff asks the court for leave to proceed without prepaying the filing fee, the court is required by law to screen the complaint. The plaintiff may proceed only on those claims that the court deems valid. It is premature to serve the complaint until the court has screened it and issued a "screening" order allowing the plaintiff to proceed on one or more claims. The court has not yet allowed the plaintiff to proceed on *any* claims.

Second, when a court allows a plaintiff to proceed without prepaying the filing fee, the *court* arranges for service of the complaint through the U.S. Marshals Service.

Third, the summons is an official court document issued by the clerk of court. A person cannot simply handwrite a summons on a blank piece of paper; to be valid, the clerk's office must issue the summons.

Fourth, Federal Rule of Civil Procedure 4 governs how to properly serve a defendant. Rule 4(j) governs service on a state or local government; it requires the plaintiff to either deliver a copy of the summons and complaint to the chief executive officer of the government entity or to serve a copy of the summons and complaint in the method required by state law. Wisconsin law requires that to serve process on a county, the plaintiff must personally serve the chairperson of the county board or the county clerk. Wis. Stat. §801.11(4)(a)(1).

If the plaintiff chooses to file an amended complaint and does so by the December 22, 2023 deadline, he *must not* attempt to serve that complaint. The court will screen the amended complaint and, if the court concludes that it states a claim for which a federal court may grant relief, the *court* will arrange for service on the appropriate defendants.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that, if the plaintiff wants to proceed with this case, he must file an amended complaint that complies with the requirements of this order in time for the court to *receive* it by the end of the day on **December 22, 2023**. If the court does not *receive* an amended complaint by the end of the day on December 22, 2023, the court will dismiss this case for failure to state a claim upon which this federal court can grant relief, without further notice or hearing.

Dated in Milwaukee, Wisconsin this 17th day of November, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**