UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOUGLAS RICHARD PITTS,

        Plaintiff,

  v.                                         Case No. 23-cv-1185-pp

KAREN ILONA ROBERTS, BRANDON D. HOLLIFIELD,
JOSEPH J. ARNDT, DEPUTY CAPUTA,
THEREA VILLAR and JUDGE NIELSON,

        Defendants.

**ORDER SCREENING PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 8) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO STATE CLAIM**

On September 7, 2023, the court received from the plaintiff—who is representing himself—a complaint against Racine County, Wisconsin, alleging that the county violated his constitutional rights. Dkt. No. 1. The plaintiff also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The court granted the motion to proceed without prepaying the filing fee, finding that the lacked the ability to pay the fee. Dkt. No. 7 at 1-2. But when it screened the complaint, the court concluded that the plaintiff had failed to state a claim upon which a federal court could grant relief; it ordered that if he wanted to proceed with the case, the plaintiff must file an amended complaint by December 22, 2023. Id. at 4-11.

On November 27, 2023, the court received from the plaintiff an amended complaint,[1] alleging that his neighbor, defendant Karen Ilona Roberts, had violated his constitutional rights. Dkt. No. 8. The plaintiff also names as defendants "Deputy Brandon D. Hollifield," "Deputy Joseph J. Arndt," "Deputy Caputa," "Deputy Prosecutor Theresa Villar" and "Judge Nielson." Id. at 2. This order screens and dismisses the plaintiff's amended complaint for failing to state a claim upon which this federal court can grant him relief.

**I.  Screening the Amended Complaint**

    A.  Federal Screening Standard

As with the original complaint, in screening the amended complaint the court must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his

---

[1] Although the court mailed a blank copy of its standard "Amended Complaint (for non-prisoner filers without lawyers)" form to the plaintiff with its previous order, the plaintiff wrote his amended complaint on lined notebook paper.

claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

B. The Plaintiff's Allegations

The caption of the complaint lists as "Defendants" [plural] Karen Ilona Roberts, Deputy Brandon D. Hollifield, Deputy Joseph J. Arndt, Deputy Caputa, Deputy Prosecutor Theresa Villar, and Judge Nielson. Dkt. No. 8 at 2. But under the heading "Parties," the amended complaint states, "*Defendant* [singular] is a citizen of WI and resides at 7132 S. Loomis Rd.—Waterford WI 53185." Id. (emphasis added). Under the heading "Statement of Claim," the plaintiff wrote:

> On 10-30-22 Karen Ilona Roberts (herein referred to as Karen) violated my Constitutional Right and privilige [sic] of due process of law provided within the 4th Amendment of the U.S. Constitution.
>
> Karen gave suborned perjury to Deputy Brandon D. Hollifield of the Racine Co. Wisconsin's Sheriff's Dept., that resulted in (2) two citations, causing me severe hardship in order to defend the false allegations and have them both acquitted at trial.

3

> The charges were all found to be false by Judge Fredrickson of Racine Co. that the plaintiff Douglas Richard Pitts was charged with at 7138 S. Loomis Rd. in Waterford, WI 53185. On 10-30-22, this judge is the only judge in Racine Co. to not succumb to fear of reprisals or adverse effects from his ruling.
>
> All other Racine Co. Deputy's [sic], Clerks, Prosecutor's [sic] and Judges were either friends with, or intimidated by Judge David W. Paulson, who is closely related to Karen I. Roberts (Paulson).
> The plaintiff is at present scheduled for another trial on the same charges of "trespass" as before, and in front of the same judge. 1-10-24 The defendant Karen submitted suborned perjury again to different deputies. (See both police reports)
>
> On 4-11-23 the Defendant received a judgement [sic] from Judge Nielson for another suborned perjury. She got a judgent [sic] against the plaintiff for $1700.00 for a tree that wasn't hers.
>
> The Plaintiff has and is now suffering destroyed credit and severe hardship due to these violations of the 4th. Amend,
>
> The plaintiff has claimed from the First contact with Deputy Brandon Hollifield till now, that the tree in question belongs to, and is the complete charge and entire responsibility of the DNR.
>
> Warden Hirschboeck of the DNR and Ronald James Willut will testify at trial to the factual basis of all the laws and regulations regarding that responsibility. (See Police Reports[)]
>
> All the named Defendants violated my 4th Amendment Civil Right to Due Process involving probable cause.
>
> All the violations occurred by the Defendants at 7138 South Loomis Rd. Waterford, WI 53185.
>
> Karen Ilona Roberts was suborned by Nita Marie Heuer to commit all the violations, because of Ronald James Willut's attempt to recover the title to his own property that was obtained by Nita Marie Heuer by fraud.

Id. at 3-6. Under the heading "Relief Wanted," the plaintiff stated:

> Because of the undue hardship and mental anguish the plaintiff has suffered from the suborned perjury of Karen Ilona Roberts and the refusal of all law enforcement named to honor my 4th Amendment

4

privilege [sic], the plaintiff seeks 10 Million dollars from the defendants, and because of the ongoing and continuous violations with no probable cause, or such relief as the court deems just.

Id. at 7.

The plaintiff attached to his amended complaint several documents. He attached a police report from defendant Deputy Brandon Hollifield. Dkt. No. 8 at 9-11. The report explains that on October 30, 2022, Deputy Hollifield "was dispatched to 7132 S Loomis Road . . . regarding a complaint called in by Karen Roberts regarding her neighbor[,] [the plaintiff], cutting down a tree on her property while she was out of town." Id. at 9. In a summary of his interview with Roberts, Hollifield recounts that upon arriving home from a month-long trip in Europe, Roberts noticed that her willow tree was cut down and floating in the lake behind her house. Id. When she asked her neighbor (the plaintiff) about it, he confirmed that "he cut the tree down while she was away because the tree was blocking his view of the lake." Id. In Hollifield's interview of the plaintiff—a summary of which is also included in the report—the plaintiff explained that "he did indeed cut down the tree but . . . it was in debate whos[e] property the tree was actually on." Id. at 10. The report reflects that Hollifield told the plaintiff "that the tree stump . . . was directly behind Karen's residence. . . . [and] that he cannot just cut someone's tree down because he wanted to." Id. The report states that Hollifield then issued the plaintiff citations for "trespass on private property" and "malicious mischief – vandalism/damage to private property." Id.

The plaintiff attached a "Wisconsin Non Traffic Citation" for a violation of Racine Municipal Ordinance 11-7(1), "Co-Trespass Private Property," which defendant Deputy Arndt served on the plaintiff on August 8, 2023. Dkt. No. 8 at 12. The citation alleges that the plaintiff "came onto [Roberts's] property and cut down brush/bushes after being warned several times by law enforcement on previous calls to stay off the property." Id. It alleges that Roberts's

> property has been professionally surveyed and marked with flags and string. [The plaintiff] has been shown the property lines and is aware of their locations. At the time of the violation, the property line markers were in place and the area where [the plaintiff] went was on [Roberts's] side of the property.

Id. The citation is followed by a corresponding "CAD[2] Activity Detail Report," which contains a similar description of the plaintiff's alleged conduct and a timeline of the events with accompanying police codes. Id. at 13.

The final document is a notice of hearing addressed to the plaintiff, advising him that a court trial in County of Racine versus Douglas Richard Pitts, Case No.: 2023FO000587, is scheduled for January 10, 2024 in Racine County Circuit Court before Racine County Circuit Court Judge Jon E. Fredrickson. Id. at 14.

C.  Analysis

The plaintiff alleges that his neighbor, defendant Karen Roberts, "violated [his] Constitutional Right and privil[e]ge of due process of law provided within the 4th Amendment of the U.S. Constitution" when she twice "gave suborned perjury" to Racine County law enforcement officials, which "resulted in [him

---

[2] "CAD" is a commonly used police acronym for "Computer Aided Dispatch."

receiving] two citations." Dkt. No. 8 at 3-6. He claims that Roberts's "suborned perjury" "caus[ed] him severe hardship" in that it required him "to defend the false allegations" and "destroyed [his] credit." Dkt. No. 8 at 3-4.

A person "suborns" perjury when she encourages, induces or assists someone else to commit perjury; "perjury" is knowingly telling an untruth while under oath. Suborn, Black's Law Dictionary (10th ed. 2014). The amended complaint does not explain how the plaintiff believes that Roberts "suborned perjury." It does not explain how Roberts encouraged, assisted or helped someone else make an untrue statement. It does not allege that the person who made the untrue statement was under oath when he or she made the untrue statement. And it does not explain what the untrue statement was.

The plaintiff alleges in the final paragraph of his "Statement of Claims" that "Roberts *was suborned* by Nita Marie Heuer to commit all the violations because of Ronald James Willut's attempt to recover the title to his own property that was obtained by Nita Marie Heuer by fraud." Dkt. No. 8 at 6 (emphasis added). That implies that the plaintiff believes that someone named Nita Marie Heuer—not Roberts—did the inducing or persuading, and that *Heuer* induced or persuaded *Roberts* to make false statements under oath. But the amended complaint does not explain who "Nita Marie Heuer" is. It does not explain what she did to induce or persuade Roberts to make false statements under oath. Again, it does not identify the statements the plaintiff believes are false. And again, it does not allege that Roberts was under oath when she made

7

any statements (or that anyone else was under oath when they made statements).

Perhaps the plaintiff meant to allege that Robert *committed* perjury—that she, herself, made false statements under oath. If so, he has not identified the statements that he believes were false. Although the documents the plaintiff provided show that Roberts made statements to to Deputy Hollifield and "different deputies," and that those statements (among other things) caused Hollifield to prepare his October 30, 2022 police report, id. at 9-10, and the plaintiff's August 8, 2023 "Wisconsin Non Traffic Citation," id. at 12, the amended complaint does not explain whether it is those statements that the plaintiff believes were untrue and does not explain why he believes they were untrue. And a citizen making statements to an investigating police officer is not under oath.

Section 1983 of Title 42 allows a person to sue someone who, while acting under color of state law, violates his constitutional rights. It states that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or cause to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable. 42 U.S.C. §1983. "To prevail on a § 1983 claim, the plaintiff must prove that '(1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law.'" First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago,

988 F.3d 978, 986 (7th Cir. 2021) (quoting Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

The plaintiff has not alleged that Roberts was acting under color of state law when she spoke to the law enforcement officers. Roberts is a private citizen who made a complaint to law enforcement officers. The plaintiff cannot sue Roberts—a private citizen—for civil rights violations under §1983. Further, the amended complaint alleges that Roberts violated the plaintiff's right to "due process of law provided within the 4th Amendment of the U.S. Constitution." Dkt. No. 1 at 3. The Fourth Amendment does not contain a due process guarantee. The Fourth Amendment protects people against unreasonable searches and seizures and prohibits state actors from issuing warrants without probable cause. The *Fifth* Amendment states that a person can't be deprived of life, liberty or property without due process of law in criminal proceedings, and the *Fourteenth* Amendment prohibits states from depriving people of life, liberty or property without due process of law. But there is no *Fourth* Amendment due process right. If the plaintiff believes that Roberts made false statements to law enforcement officers, he may have a cause of action against her under *state* law—such as libel or defamation—but a private citizen's false statements do not violate the plaintiff's rights under the U.S. Constitution. The court will dismiss Roberts as a defendant.

The caption of the amended complaint identifies Brandon D. Hollifield as a "deputy." Dkt. No. 1 at 1. Assuming that Hollifield is a law enforcement officer—a sheriff's deputy or a member of the police force—he is a state actor.

The amended complaint alleges that Roberts "gave suborned perjury" to Hollifield, which "resulted in [the plaintiff receiving] two citations." Id. at 3. The plaintiff later alleges that he "claimed from the first contact with Deputy Brandon Hollifield till now, that the tree in question belongs to, and is the complete and entire responsibility of the DNR." Id. at 5. Neither of these allegations suggest Hollifield did anything illegal or unconstitutional. The plaintiff's own allegations establish only that Roberts made statements to Hollifield that caused Hollifield to issue citations, despite the fact that the plaintiff asserted that the tree in question was the responsibility of the Department of Natural Resources. Even when liberally construed, these allegations do not allege a constitutional violation against Hollifield, and the court will dismiss him as a defendant.

The amended complaint names Deputy Joseph J. Arndt and Deputy Caputa. Dkt. No. 1 at 1. Again assuming that Arndt and Caputa are sheriff's deputies or police officers, they are state actors, but the statement of claim contains no allegations against them. It alleges that Roberts "submitted suborned perjury again to different deputies," but does not identify those deputies. Id. at 4. "For constitutional violations under § 1983, 'a government official "is only liable for his or her own misconduct."' *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 . . . (2009)." Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021). Because the plaintiff has made no specific allegations against Arndt or Caputa, the court will dismiss them as defendants.

10

The caption of the amended complaint names deputy prosecutor Theresa Villar as a defendant. A prosecutor is a state actor, but again, the amended complaint does not explain what the plaintiff believes Villar did to violate his constitutional rights. Assuming that Villar was the prosecutor in the case that the plaintiff says was dismissed, and that the plaintiff seeks to sue her for litigating the case against him, Villar is immune from his suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Because the plaintiff made no specific allegations against Villar and because she is immune from suit for initiating prosecutions and presenting the State's case, the court will dismiss Villar.

Finally, the amended complaint names "Judge Nielson" as a defendant. Dkt. No. 1 at 1. The amended complaint alleges that "[o]n 4-11-23 the Defendant rec[ei]ved a judgement [sic] from Judge Nielsen for another suborned perjury. She got a judgent [sic] against the Plaintiff for $1700.00 for a tree that wasn't hers." Id. at 4. This is the only allegation against "Judge Nielson." The Racine County website shows that Hon. Mark F. Nielsen is a Racine County Circuit Court. https://www.racinecounty.com/departments/clerk-of-circuit-court/court-information/court-officials (last visited December 1, 2023). The public docket shows that a Karen Ilona Roberts brought a small claims case against the plaintiff in January 2023, that Judge Nielsen was the presiding judge and that the case resulted in a judgment against the plaintiff.

Roberts v. Pitts, Case No. 2023SC000402 (Racine County Circuit Court), available at https://wcca.wicourts.gov/caseDetail.html?caseNo= 2023SC000402&countyNo=51&index=0.

Judge Nielsen is not liable for acts taken in his judicial capacity. "Judges are immune from suit for judicial acts taken in their capacity as judges, even in 'excess of [their] authority,' unless they act 'in the clear absence of all jurisdiction.' *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)." Allen v. Dimitrijevic, Case No. 23-1647, 2023 WL 9721937, at *2 (7th Cir. Nov. 30, 2023). Judge Nielsen had jurisdiction over the small claims case Roberts brought against the plaintiff; he is immune from suit for his judicial actions in that case. The court will dismiss Judge Nielsen, and the case.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which a federal court can grant relief.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief

from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of December, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**